# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,       )
                                     )
       v.                       )       ID No.      1003021785
                                       )
RASHID ROY,                )
                                       )
      Defendant.           )

## ORDER

1.  On this 27th day of November, 2023, upon consideration of Defendant Rashid Roy's ("Defendant") *pro se* Motion for Reconsideration (the "Motion") made pursuant to Superior Court Rule of Civil Procedure 59(e),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

2.  On April 7, 2011, Defendant was found guilty after a trial by jury and convicted of Murder in the First Degree, Possession of a Deadly Weapon During the Commission of a Felony, Assault in the Third Degree, and Terroristic Threatening. On September 9, 2011, this Court sentenced him to Level V supervision for the balance of his natural life plus eleven years, followed by decreasing levels of probation.[2] Defendant appealed his conviction to the Delaware Supreme Court, which affirmed this Court's judgment on December 12, 2012.[3]

---

[1] D.I. 161.

[2] *State v. Roy*, 2023 WL 4996968, at *1 (Del. Super. Aug. 4, 2023) (setting forth procedural history).

[3] *Roy v. State*, 62 A.3d 1183, 1192 (Del. 2012).

3.    On November 18, 2013, Defendant filed an initial motion for postconviction relief. This Court denied that motion on July 31, 2015.[4]  On March 9, 2016, Defendant filed a second motion for postconviction relief.  This Court summarily dismissed that motion as procedurally barred on April 21, 2016.[5]  On May 5, 2023, Defendant filed a third motion for postconviction relief.  This Court summarily dismissed that motion as procedurally barred on August 4, 2023.[6]

4.  On August 19, 2023, Defendant filed the instant Motion, in which he asks this Court to reconsider its April 21, 2016 denial of his second motion for postconviction relief.[7]

5.  Pursuant to Superior Court Civil Rule 59(e), this Court can reconsider findings of fact, conclusions of law, and judgments.[8]  Rule 59(e) provides that "[a] motion for reargument shall be served and filed within 5 days after the filing of the Court's opinion or decision."  Motions for reargument served and filed more than

---

[4] *State v. Roy*, 2015 WL 5000990 (Del. Super. July 31, 2015).
[5] *State v. Roy*, 2016 WL 1621589 (Del. Super. Apr. 21, 2016).
[6] *Roy*, 2023 WL 4996968.
[7] D.I.s 161, 162.  On August 10, 2023, Defendant sent a letter to this Court in which he requests that this Court order a subpoena *duces tecum* of his former counsel, Patrick Collins, to produce Defendant's client file.  D.I. 160.  On September 6, 2023, Defendant sent a second letter to this Court requesting an update on the subpoena *duces tecum*.  D.I. 163.  On October 27, 2023, Defendant filed a motion to compel Mr. Collins to produce Defendant's client file.  D.I. 164.  On November 3, 2023, Defendant filed a proposed subpoena *duces tecum* of Mr. Collins.  D.I. 165. Defendant's proposed subpoena *duces tecum*, motion to compel discovery, and other discovery requests are not proper vehicles for relief at this postconviction stage of Defendant's case.
[8] Super. Ct. Crim. R. 57(d) ("In all cases not provided for by rule or administrative order, the court shall regulate its practice in accordance with the applicable Superior Court civil rule or in any lawful manner not inconsistent with these rules or the rules of the Supreme Court."); *State v. Spencer*, 2023 WL 3052370, at *5 (Del. Super. Apr. 24, 2023).

five days after the filing of the relevant decision are denied.[9] This five-day time period cannot be extended.[10] This Court denied Defendant's second motion for postconviction relief on April 21, 2016, and Defendant filed the instant Motion more than seven years later on August 19, 2023. Hence, the Motion fails the time limitation of Rule 59(e).[11]

6. For all the forgoing reasons, the Motion is hereby **DENIED.**

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

---

[9] *See State v. Wescott*, 2022 WL 1617687, at *1 (Del. Super. May 23, 2022) (denying reargument motion in criminal case for untimeliness); *Thomas v. State*, 2019 WL 211812, at *1 (Del. Jan. 15, 2019) (affirming denial of reargument motion in criminal case for untimeliness); *Webb v. State*, 2016 WL 6276905, at *1 (Del. Oct. 26, 2016) (same); *Young v. State*, 2016 WL 7103409, at *1 (Del. Dec. 5, 2016) (same).

[10] *Wescott*, 2022 WL 1617687, at *1 (citing *Dickens v. State*, 2004 WL 1535814, at *1 (Del. June 25, 2004)) ("The time allotted for a motion for reargument cannot be extended.").

[11] Defendant also argues that this Court overlooked controlling Delaware precedent when it summarily dismissed his second motion for postconviction relief as procedurally barred for repetitiveness pursuant to Superior Court Criminal Rule 61(i)(2). He contends that, pursuant to *Swan v. State*, 248 A.3d 839 (Del. 2021), his second postconviction motion should not have been deemed repetitive because he raised an ineffective assistance of counsel claim therein. D.I. 161. This Court dismissed Defendant's second postconviction motion on April 21, 2016, while the Delaware Supreme Court decided *Swan* on March 1, 2021, so *Swan* was not controlling precedent for the Court's dismissal. *State v. Roy*, 2016 WL 1621589 (Del. Super. Apr. 21, 2016). Hence, contrary to Defendant's claim, this Court could not have overlooked that case. Further, Defendant raised ineffective assistance of counsel claims in his first postconviction motion, which this Court rejected, stating that "[d]efense counsel's effort did not fall below a reasonably objective standard." *State v. Roy*, 2015 WL 5000990, at *2-3 (Del. Super. July 31, 2015). A motion for reargument is "not a device for rehashing arguments already presented or for raising new arguments." *Spencer*, 2023 WL 3052370, at *5. Defendant's arguments in the Motion are as substantively deficient as they are procedurally deficient.

Original to Prothonotary

cc:     Rashid Roy (SBI #00302387)